## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

GREGORY GRIMM, PAMELA    :
KING, and KAREN    :
KERCHEVALL-CARNIVALE    :
    :
    Plaintiff,    :    CASE NO.
    :
    v.    :    TRIAL BY JURY DEMANDED
    :
EYECARE SERVICES PARTNERS :
MANAGEMENT LLC (ESP)    :
a/k/a    :
DELAWARE EYE CARE CENTER  :
    :
    Defendants.    :

## COMPLAINT

## THE PARTIES

1.    Plaintiff, Gregory Grimm ("Plaintiff Grimm") was at all times relevant to this complaint a resident of Dover, Delaware. Grimm is 57 years.

2.    Plaintiff, Pamela King ("Plaintiff King") was at all times relevant to this complaint a resident of Greenwood, Delaware. King is 56 years old.

3.    Plaintiff, Karen Kerchevall-Carnivale ("Plaintiff Carnivale") was at all times relevant to this complaint a resident of Wyoming, Delaware. Carnivale is 60 years old.

4.    Defendant EyeCare Services Partners Management LLC (ESP) d.b.a Delaware Eye Care Center ("Defendant") is a corporation organized and existing

under the laws of the State of Delaware.  Its registered agent is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION

5.      The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; As such, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1337.

## VENUE

6.      The unlawful employment practices alleged herein were committed within the State of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      Prior to the filing of this action, all plaintiffs timely filed Charges of Discrimination with the Equal Employment Opportunity Commission.

8.      They were filed on or about, October 23, 2020 for Gregory Grimm, October 21, 2020 for Karen Kerchevall-Carnivale, and February 24, 2021 for Pamela King.

9.      On or about January 13, 2022, the EEOC issued Plaintiff Grimm a "Right to Sue Notice" which was received by Plaintiff on or about January 15, 2022. *EEOC Right to Sue Notice* attached as Exhibit 1.

10.     On or about January 13, 2022, the EEOC issued Plaintiff Kerchevall-Carnivale a "Right to Sue Notice" which was received by Plaintiff on or about January 15, 2022. *EEOC Right to Sue Notice* attached as Exhibit 2.

11.     On or about February 8, 2022, the EEOC issued Plaintiff King a "Right to Sue Notice" which was received by Plaintiff on or about January 15, 2022. *EEOC Right to Sue Notice* attached as Exhibit 3.

## FACTS

12.     Prior to March 23, 2020, all Plaintiffs were employed by ESP in Dover, Delaware.

13.     Beginning March 23, 2020, in the midst of the COVID-19 global pandemic, all three of the Plaintiffs were furloughed from employment as a result of government mandated business closures.

14.     All of the plaintiffss qualify as a protected class since they are all over the age of 55.

14.     Plaintiff Grimm began his employment with the Defendant on April 1, 1994 as an optician and lab technician.

15.     Plaintiff Kerchevall-Carnivale began her employment with the Defendant on September 5, 2005.

16.     Plaintiff King began her employment as an optician with the Defendant on September 7, 2007.

3

17.   At all times relevant, Plaintiffs were excellent employees.

18   After years of dedicated service to the Defendant, all three plaintiffs received a phone call on June 19, 2020 from Optical Director, Glenn Courtney terminating their employment.

19.   They were advised that they were being discharged due to decrease in patient flow due to Covid.

20.   However, other younger furloughed employees were recalled back to work by ESP.

21.   Those recalled individuals were younger employees between the ages of 20 to 30.

22.   Furthermore, it is known to the Plaintiffs that the Defendant was posting open job opportunities between April 2020 and May 2020.  One month after they were terminated.

23.   Not only was the Defendant hiring, they hiring for the specific positions that the Plaintiffs previously held.

24.   The only employee not terminated over 50 years old were family related to management, Glenn Courtney, Vaughn Courtney, and Mark Courtney.

25.   These were the only employees over the age of 50 that remained employed by the Defendant.

26.     All Plaintiffs are members of a protected class as they are over the age of 40.

27.     There is no doubt that all three Plaintiffs were qualified for their previously held positions as they were long standing employees with impeccable track records.

28.     Younger employees were treated preferentially as they were recalled despite Plaintiffs' superior qualifications and experience.

29.     Defendant's proffered legitimate business reasons that Plaintiffs did not return due to  lack of work is easily rebutted as Defendant posted openings for the very positions that Plaintiffs were terminated from, one month after the permanent layoffs.

## COUNT I-AGE DISCRIMINATION- DISPARATE TREATMENT

30.     Plaintiffs re-allege and adopt the allegations of paragraphs 1-29 above as if fully set forth herein.

31.     Such acts as described above, constitute unlawful age  discrimination against Plaintiffs in violation of the Age Discrimination in Employment Act of 1967.

32.     Specifically, Plaintiffs claim that there were terminated after being furloughed by EYE because of Plaintiffs' ages.

33.     In contrast, substantially younger employees returned to work and were not discharged.

34.     Grimm, Kercheval-Carnivale, and King's ages were a determining factor in ESP's decision to fire them.

## COUNT II-AGE DISCRIMINATION- DISPARATE IMPACT

35.     Defendant ESP engaged in a reduction in force plan to permanently lay off 5% of its workplace that was furloughed.

36.     In total, ESP laid off six employees, at least four of whom were over the age of 40.

37.     Defendant ESP's reduction in force plan caused Defendant to terminate Plaintiffs because Plaintiffs were over 40 or older.

38.     Defendant ESP's reduction in force plan had a significantly disproportionate impact on person 40 years of age or older.

39.     Defendant ESP only retained employees who were substantially younger than Plaintiffs.

**WHEREFORE**, Plaintiffs request this Honorable Court enter a judgment in their favor and against the Defendants as follows:

a.     Declare the conduct engaged in by the defendant to be in violation of the plaintiff's statutory rights.

b.     Award the plaintiffs' sufficient funds to compensate them for their losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

c.    Award the plaintiffs compensatory such as front pay and punitive damages not otherwise specified.

d.    Award the plaintiffs any and all other liquidated damages, which would make the plaintiffs' "whole".

e.    Award the plaintiffs' attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

f.    Such other and further relief as this Court deems just and proper.

**THE POLIQUIN FIRM, LLC**

/s/ Ronald G. Poliquin
Ronald G. Poliquin, Esq.
DE Bar I.D. No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5500
*Attorney for Plaintiffs*

Dated: April 13, 2022